1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   STEVE EIDEN,
                                         NO. CIV. S-04-977 LKK/CMK
12           Plaintiff,

13       v.                                      O R D E R

14   HOME DEPOT USA, INC., dba
     HOME DEPOT #6609; and HD
15   PROPERTIES OF MARYLAND,

16           Defendants.
     _____/
17

18       The court is in receipt of both defendant's motion for summary

19   judgment as well as plaintiff's opposition to (and cross-motion

20   for) summary judgment.   The court is further in receipt of

21   plaintiff's declaration and request for a Rule 56(f) continuance.

22       "Federal Rule of Civil Procedure 56(f) provides a device for

23   litigants to avoid summary judgment when they have not had

24   sufficient time to develop affirmative evidence."   Burlington

25   Northern & Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes

26   of the Fort Peck Indian Reservation, Montana, 323 F.3d 767, 773.

1

Although district courts have "wide latitude in controlling discovery," State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998), the Supreme Court has required allowing discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). A Rule 56(f) motion must be brought before the summary judgment hearing, Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir. 1990), and the facts supporting a Rule 56(f) motion must be set forth in an accompanying affidavit. Campbell, 138 F.3d at 779 (9th Cir. 1998).[1]

In the case at bar, plaintiff brings his action under the Americans with Disabilities Act ("ADA") and state law. Plaintiff seeks injunctive relief and damages from defendant, Home Depot, based on alleged access barriers at the Home Depot store located at 2580 Notre Dame Boulevard in Chico, California. In its motion for summary judgment, Home Depot maintains that plaintiff's claims are moot as the Store's premises were recently modified and are now in full compliance with the requirements of the ADA. Def.'s Mot. for Summ. J. at 4:26.

In plaintiff's request for a Rule 56 (f) continuance, plaintiff asserts that he "cannot responded to defendant's mootness

---

[1] Defendants must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. Campbell, 138 F.3d at 779.

argument without conducting a site inspection."  An inspection by both the plaintiff himself and plaintiff's expert will allow plaintiff to determine if the previously identified ADA violations have been removed. Hubbard Dec. at ¶¶ 6-8.

Given that discovery is not closed and plaintiff has yet to inspect the recent modifications made at the Home Depot facility, any motion for summary judgment by defendant would be premature at this point in time.  Knowing exactly what modifications were made constitutes sought-after facts clearly essential to the plaintiff's ability to respond to the defendant's motion for summary judgment. Because plaintiff has set forth sought-after facts that are "essential" to avoid summary judgment, defendant's motion for summary judgment is DENIED without prejudice to renewal after the close of discovery.  Plaintiff's cross-motion is likewise DENIED.

IT IS SO ORDERED.

DATED:  September 14, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT